Minshall, J.
The suit below was commenced in the court of common pleas by James T. Davis and Alexander Slocum against the city of Cincinnati and its auditor, D. W. Brown, to enjoin the collection of certain assessments for the improvement of an alley, that had been made on the lots of each, abutting lengthwise on the alley. Prom the judgment of the common pleas an appeal was taken to the circuit court.
The principal objection to the assessments was that the ordinance for the improvement was not made by the proper municipal body; it was made by the board of legislation, when, as claimed, it should have been made by the board of administra *230 tion, in accordance with, an act of the legislature, giving jurisdiction to the board of administration in cities of the first grade of the first class, to improve all alleys of the width of 20 feet and less, passed March 30, 1893 (90 Local Laws, 258). It was submitted to the circuit court on an agreed statement of the facts, which is as follows:
It is agreed that the city of Cincinnati is a municipal corporation of the first grade of the first class under the laws of Ohio, and that Daniel W. Brown is its auditor; that plaintiffs, James T. Davis and Alexander Slocum, respectively own the lots described in the petition, one fronting eighteen feet and the other fronting one hundred and twenty-five feet on Baltzer alley, between Pope alley and Knowlton street; that about November 10, 1893, the city of Cincinnati passed an ordinance levying an assessment of $3.5326 per front foot on each front foot of the several lots of land abutting on Baltzer alley from Pope alley to Knowlton street, to pay the costs and expenses of an improvement by grading and paving with brick of Baltzer alley between said termini; that the entire length of said improvement is about four hundred and fifty feet; that said alley was improved with brick, after being properly graded; that before said improvement said alley had never been made and no grade had been established for the same; that a retaining wall had been built upon the line of the property owned by another person abutting said alley between said termini for a distance of one hundred and twenty feet at a cost of about $100, which was paid by the city, but not charged in the assessment for the improvement of said alley, but was paid out of a separate and distinct fund, and said Wall was built to protect certain improvements *231 made upon said property; that in the opinion of the proper authorities of the city no retaining wall was necessary upon the property abutting said alley owned by plaintiffs; that the cut in front of the property of plaintiffs was about two feet; that the improvements upon the property of plaintiffs were built with reference to the traveled surface of said alley, as it had existed before said improvement, for a period of about twenty-nine years; that the grade of Baltzer alley was established by ordinance February 6, 1891; that the improvements upon the lot of plaintiff, Davis, consisted of a one-story frame stable, at the corner of Baltzer and Kendall alleys, and built in 1892; that said stable had no foundation, but was built upon a sill resting upon stones under the corners thereof, and that there was no other improvement upon said Davis’s lot abutting said Baltzer alley; that the improvements upon the lot of the plaintiff, Slocum, were a house on the line of said alley and a one-story frame stable, out-houses and fences; that both of said plaintiffs were duly served with notice of the resolution to improve said alley as passed by said city, but that neither of said plaintiffs filed any claim for damages; that Baltzer alley is twelve feet in width; that the resolution to improve said Baltzer alley was passed by the board of legislation, January 13, 1893, and declared, among other things, that it was “necessary to improve Baltzer alley by grading, setting curbs, paving the roadway with brick and constructing the necessary culverts, drains and retaining walls;” that said resolution was recommended by the board of administration to the board of legislation, but was not passed by the board of administration; that the ordinance to improve Baltzer alley, between *232 Pope alley and Knowlton street, was passed by the board of legislation of the city of Cincinnati on June 23, 1893, and was not passed by the board of administration; that the ordinance to improve contained the same language as the resolution in so far as it described the character of the improvement; that after the passage of the resolution to improve, a notice, of which the following is a copy, was served, within twenty days thereafter, upon the plaintiffs and other property owners: (Omitted as not material.)
That the actual cost for advertising paid by the city in connection with the improvement of Baltzer alley, from Pope alley to Knowlton street, consisted of the following items, and no others: (Omitted as not material.)
That the final estimate, upon which the assessment was figured, included an item of three hundred dollars for advertising, being the estimated cost of advertising said proceedings for said improvement.
It is further agreed that the foregoing are all the facts, and that such final judgment may be entered herein as is warranted by the law upon the whole record and the agreed statement of facts; but the same may be prosecuted by either party in the higher courts for error.
(Signed by counsel.)
On this statement of facts, the court rendered, judgment in favor of the plaintiffs, enjoining the collection of the assessments. The city excepted, and prosecutes error for a reversal of the judgment and a judgment in its favor.
The resolution declaring the necessity of the improvement was 'passed by the board of legislation *233 Jan. 13, 1893, at which, time it was the proper and only board that could pass such resolution. Notice of this resolution was properly served upon the plaintiffs and other property owners upon the alley as required by law. By its resolution and the notices served on the property owners, the proceeding for the improvement of the alley named was commenced and the board of legislation acquired jurisdiction of the proceeding for the construction of the improvement. Welker v. Potter, 18 Ohio St., 85. It might subsequently have been dismissed by the board or the parties interested, but until dismissed or put an end to by the board or the parties, the proceeding, and the board’s jurisdiction over the subject-matter continued. In this ease the proceeding was not dismissed, on the contrary it progressed before the board of legislation to its final completion, without objection from anybody until the assessment was placed on the duplicate for collection. So that at the passage of the law, March 30, 1893, conferring on the board of administration the improvement of alleys of the width of twenty feet or less, the improvement was a pending proceeding-. The question then arises whether the assessments are void, because the ordinance to improve adopted June 20,1893, was adopted by the board of legislation, instead of by the board of administration; or, whether, by the amendment of March 30, 1893, the proceeding did not abate for the want of jurisdiction in the board, before which it was commenced, to make it? We think not. The act of March 30, 1893, contained no express provision making it apply to pending proceedings. Hence, as we think, this proceeding was not discontinued thereby, and the board of legislation was authorized under section 79, Revised Statutes, to proceed *234 with and complete the improvement as it did. This section relates to no particular subject of legislation. It relates to the operation of statutes in general. The section reads as follows:
“Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions or proceedings, civil or criminal, and where the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed; nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act.”
The section as first adopted did not contain the second clause as to repeals or amendments affecting the remedy; but as there was a disposition to hold that it did not apply to such changes in the law, .this clause was inserted, so that a repeal or amendment affecting the remedy should not apply to pending proceedings, “unless so expressed;” so that the amendment of March 30, 1893, does not apply to this case, if it is within the provisions of the above section, whether it relates to the remedy or not, for the amendment .contains no express provision to that effect. There seems to be the same reason for applying the provisions of this section to a pending proceeding for the improvement of a road or street that there is for its application to a. pending proceeding in the nature of a suit, where the change in the law simply applies to the mode of procedure. In either case it must be assumed that the proceeding was commenced with reference to the provisions of the existing law; and it is neither wise nor just, as a general rule, to disap *235 point the parties in this regard by a change of the law, and, as must frequently happen, after a considerable amount of costs and expenses have been incurred. The section announces the permanent policy of the legislature as to the operation of its statutes; and, where there are, in its opinion, sufficient reasons for a departure from this policy in a particular instance, it has declared that the departure shall be expressed in the amendatory statute. In so far as Commissioners v. Green, 40 Ohio St., 318, conflicts with this view it is not approved. In Raymond v. Cleveland, 42 Ohio St., 522, a more correct view is taken of a clause similar to the provisions of section 79, Revised Statutes. There under the Municipal Code of 1869, and its amendments, proceedings had been commenced for the improvement of a street to be paid for by assessments on the property benefited. An assessment was made and set aside by the courts for irregularity. Subsequently, under provisions of the code in force when the proceeding was commenced, a reassessment was made; but the provisions of the code in regard to a reassessment had been previously repealed by the revision of 1878; and it was claimed for this reason that the reassessment was void. The revision, however, contained the following saving clause: “No suit, prosecution or proceeding shall be in any manner affected by such change, but the same shall stand or proceed as if such change had not been made.” It was argued that this provision related only to proceedings in the nature of actions and the like, and did not extend to the right to make a reassessment authorized only by the law that had been repealed. But, Okey, J., in delivering the opinion said: “We are unwilling to place any such limitation upon the *236 provision. It is remedial and no violence is done to the language by holding that it preserves the right to make this reassessment under the municipal code of 1869.”
But it is claimed, however, that the case of Seasongood v. Cincinnati, 46 Ohio St., 292, requires a different ruling. We do not think so. There, after the adoption of the ordinance to improve, a change was made, not in the mode of procedure but in the measure of the assessment that might be made on the lots of such owners as abutted lengthwise on the improvement. By the statute in force at the adoption of the ordinance such lots were to be assessed according to the average depth of lots in the neighborhood. By an amendment subsequent to the adoption of the ordinance, this reasonable provision was stricken out, and such lots were required to be assessed for the full number of feet they abutted on the improvement. It was claimed that these lots should be assessed according to the amendment. But the court, observing that the parties had acted with reference to the law in force at the time the improvement ordinancé was adopted, held that the assessment should be made according to the statute then in force and not according to the subsequent amendment. The same view was taken in Shehan v. Cincinnati, affirmed by this court, and reported by the trial judge in 25 Bui., 212. In this case the assessment was made according to the amended law, because it was in force at the adoption of the improvement ordinance, and the parties had an opportunity to terminate the proceeding before this ordinance was adopted, and, not having done so, are presumed to have assented to that mode of assessment. Manifestly the case of Seasongood v. Cincinnati, is not decisive of the *237 question here. It, and the subsequent ease, simply decide, that the parties to a street improvement may put an end to it at any time before the improvement ordinance is made, and that no change can be made by statute in the rate of assessment fixed by statute at the time that ordinance was adopted. This, however, is not a determination that the board before which the proceeding was commenced had no jurisdiction of the improvement prior to that time, or that the proceeding was not a pending one. The parties to a suit may dismiss it at any time after the court has acquired jurisdiction by its commencement. The right to dismiss does not imply that the court has no jurisdiction; in fact the power to dismiss implies that the court has acquired jurisdiction of the parties and the subject of the action. In the case before us the proceeding was not put an end to by the parties on the adoption of the act of March 30, 1893. On the contrary it progressed before the board of legislation until it was completed. And as the change in the law did not affect pending proceedings of the kind, the assessments made for the payment of the costs and expense of the improvement are valid and cannot, be enjoined.
As to the claims of the plaintiffs for damages from a change in the grade of the alley, it is sufficient to say, they made no claim at the proper time, and are therefore deemed to have waived them.
As to the claim that the advertising, amounting to $300, was excessive: We do not understand that it is claimed, that the amount paid any particular paper was excessive — the claim is that the advertising in each particular instance was in more newspapers than required by law. The statute *238 does not limit the number of papers in which the advertising’ shall be made. It simply is that, in each instance, the advertisment shall be in “some newspaper.” But this is not saying that it shall be in no more than one. The board seems to be given a discretion in this matter; and when there is nothing to show an abuse of its discretion, exception cannot be taken to the amount paid for advertising the various steps in the proceeding as required by law.
The judgment is reversed, and petition of plaintiffs beloio is dismissed.